## In re Anonymous No. 3 D.B. 76

Disciplinary Board Docket no. 3 D.B. 76.

To the Honorable Chief Justice and Justices of the Supreme Court of Pennsylvania:

REATH, *Board Member,* December 3, 1976— Pursuant to Rule 208(d) of the Pennsylvania Rules of Disciplinary Enforcement (rules), the Disciplinary Board of the Supreme Court of Pennsylvania (board) submits its findings and recommendations to your honorable court with respect to the above petition for discipline.

## I.   HISTORY OF PROCEEDINGS

This is a case where respondent, a 40-year-old lawyer, married with one child, has been suffering for some time with severe alcoholism and mental depression. Following his mother's death on February 4, 1974, he disappeared from the face of the earth. He has not been heard from since and apparently has abandoned his law practice.

The excellent opinion of the hearing committee below details the abundant evidence of respond-

ent's total neglect of and other serious charges relating to a number of matters entrusted to him spanning the period from 1969 until his disappearance.

The hearing committee, believing there may have been serious mental illness which caused respondent's problems, recommended a one-year suspension rather than disbarment, which under the unusual circumstances of this case, we approve, adopt and recommend to your honorable court.

Should there be an explanation of mental illness as the causative factor for respondent's inexcusable neglect and other actions, then under the one-year suspension, respondent would at such time as he were to apply for reinstatement, have to show that he has fully recovered and in all respects possesses the ". . .moral qualifications, competency and learning in law required for admission to practice law in this Commonwealth and that the resumption of the practice of law within the Commonwealth by such person will be neither detrimental to the integrity and standing of the bar or the administration of justice nor subversive of the public interest." Rule 218(3)(i).

Additionally, we point out that as a result of respondent's misconduct, a number of innocent clients may have suffered significant losses. At such time as respondent were to apply for reinstatement in Pennsylvania, or for admission to the bar of any court of any other jurisdiction, the appropriate authorities with knowledge of these transgressions, could make inquiry as to whether proper arrangements had been made to make full restitution.

## II. RECOMMENDATION

For all the foregoing reasons, the disciplinary board recommends to your honorable court that respondent be suspended for a period of one year pursuant to Rule 204(2) of the Pennsylvania Rules of Disciplinary Enforcement.

## ORDER

JONES, *C.J.*—And now, January 11, 1977, the report and recommendations of the Disciplinary Board of the Supreme Court of Pennsylvania, dated December 3, 1976, recommending that pursuant to Rule 204(2) of the Pennsylvania Rules of Disciplinary Enforcement, [respondent], of [    ] County, be suspended from the practice of law in the Commonwealth of Pennsylvania for a period of one year, are hereby approved; and it is ordered, that said [respondent], be, and he is hereby suspended for a period of one year, from the bar of this court and in all the courts of Pennsylvania and until further order of this court.

Note: Messrs. Unkovic, Harrington and Anderson were absent and did not participate in the adjudication.